UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BAEZ-DIAZ,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No.:  3:24-cv-2217-JES<br>                3:23-cr-1426-JES<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; and**<br><br>**(2) DENYING MOTION TO COMPEL COUNSEL TO PROVIDE AFFIDAVIT RESPONSE AS MOOT**<br><br>[ECF Nos. 1, 146, 148] |

//
//
//
//
//

1

Before the Court is Francisco Baez-Diaz' ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"), alleging ineffective assistance of counsel by his attorney, Mara Gonzalez Souto ("Gonzalez Souto"). ECF No. 146[1]. The United States filed an opposition to the Motion and Petitioner filed a reply. ECF Nos. 157, 158. The Court held an evidentiary hearing on October 28, 2025. ECF No. 163. During the evidentiary hearing, the Court heard testimony from Petitioner and Gonzalez Souto. ECF Nos. 164, 166. Having reviewed the parties' briefs, hearing and observing the testimony of Petitioner and Gonzalez Souto, and for the reasons set forth below, the Court **DENIES** Petitioner's Motion and **DENIES** the Motion to Compel Counsel to Provide Affidavit Response as **MOOT**.

## I. BACKGROUND

### A. Procedural Background

On June 18, 2023, Petitioner was arrested in Imperial Beach near the Imperial Beach Pier. Custom and Border Protection ("CBP") Officers saw Petitioner jumping off the back of a jet ski and swimming to shore. CBP Officers searched and found Petitioner hiding in the backseat of a vehicle wearing a wet suit and life preserver. When questioned, Petitioner admitted he was a citizen of Mexico and illegally entered the United States without documentation and that he had previously been deported. Petitioner was arrested for attempted reentry of a removed alien. Petitioner had been ordered removed from the United States on four prior occasions, the most recent of which was on November 9, 2022. Post-Miranda, Petitioner stated he illegally entered the United States because he was escaping men who threatened to kill him if he didn't sell drugs for them.

On July 18, 2023, Petitioner was arraigned on a one-count information for attempted reentry of a removed alien and a trial date was eventually set for February 26, 2024, before

---

[1] In Petitioner's civil case, 3:24-cv-2217-JES, Petitioner's § 2255 motion is ECF No. 1. In the underlying criminal case, 3:23-cr-1426-JES, the same motion is filed as ECF No. 146. The Court hereinafter cites only the docket entries in the criminal case.

this Court. ECF Nos. 19, 55. At trial, Petitioner presented an acquired citizenship defense. The jury ultimately found Petitioner guilty of the charge of attempted reentry by a removed alien. ECF Nos. 105, 106. The Court notes that even though unsuccessful, the acquired citizenship defense presented by Gonzalez Souto was not a frivolous defense. She presented evidence in the form of Petitioner's grandfather's birth certificate and historical railroad employment records.

On November 15, 2024, this Court held a sentencing hearing. ECF No. 144. Considering the parties' arguments, statutory factors, the applicable sentencing guidelines, and the specific history and characteristics of Petitioner, the Court sentenced Petitioner to 48 months of imprisonment and supervised release for three years. ECF No. 145.

On November 22, 2024, Petitioner filed the instant section 2255 motion to vacate his sentence. ECF No. 146.

**B. Findings of Fact**

During the evidentiary hearing, Petitioner and Gonzalez Souto testified. After weighing and evaluating the credibility of the witnesses, the Court makes the following findings of fact. *See* 28 U.S.C. § 2255(b).

Prior to proceeding to trial, Gonzalez Souto was presented a fast-track offer from the Government for Petitioner. Reporter's Transcript ("RT"), ECF No. 166, 38:18-24, 41:20-22. Gonzalez Souto advised Petitioner that the Government's fast track offer was 30-37 months. *Id.* at 45:9-12. Gonzalez Souto advised Petitioner that with the Government's fast track offer Petitioner would receive a sentence of 18-24 months. *Id.* at 24:14-16, 45:15-17. Gonzalez Souto further advised Petitioner that with the fast-track offer, the Government would likely recommend the low-end of the guideline range, which based on her calculation would have been 18 months. *Id.* at 44:13-25. Gonzalez Souto further advised Petitioner that if he rejected the fast-track offer and went to trial, his guideline range would be 33-41 months without acceptance of responsibility and 27-33 months with acceptance of responsibility. *Id.* at 45:18-22. In advising Petitioner of the fast-track offer, Gonzalez

Souto undercalculated Petitioner's guideline range for sentencing purposes. *Id.* at 40:4-41:2.

Petitioner testified that he told Gonzalez Souto that he was willing to do time if it was less than 30 months. *Id.* at 20:16-18. Petitioner also testified that Gonzalez Souto presented him with two fast-track offers, one for 24-30 months and another for 18-24 months. *Id.* at 17:16-20, 25:8-16, 31:23-32:2, 32:22-25. Petitioner further testified that he rejected the 18-24 month fast-track offer because Gonzalez Souto promised him he would get less time than the fast-track offer after trial and that he could get could 12 months 1 day. *Id.* at 19:2-7, 32:22-33:4. Additionally, Petitioner testified that Gonzalez Souto never told him he could get up to 41 months after trial as he would not have gone to trial if she told him that. *Id.* at 25:23-26:4. However, when questioned about his signed declaration submitted in support of his motion, in which Petitioner stated "[w]hen Mara Gonzalez Souto advised me about the government's fast track offer, she advised me that my post-trial sentencing range was 27-33 months or, at worst, 33-41 months," Petitioner admitted that he signed the declaration, but that the 33 to 41 months was not read to him in Spanish before he signed it. *Id.* at 26:5-27:23.

Gonzalez Souto did not promise Petitioner that he would get less time than the fast-track offer if he rejected it and went to trial. *Id.* at 46:17-20. Gonzalez Souto never promised or assured Petitioner that he would get less than 30 months if he went to trial and was convicted. *Id.* at 47:21-23. Gonzalez Souto told Petitioner there was a risk of receiving a higher sentence if he rejected the fast-track plea offer. *Id.* at 47:24-48:2. Petitioner, alone, made the decision to reject the fast-track offer. *Id.* at 50:6-9.

Having observed the witnesses and hearing their testimony, the Court does not find Petitioner credible on several of his claims. The Court does not find Petitioner credible on his claims that Gonzalez Souto advised him he would get less time than the fast-track offer after trial or that he could get 12 months 1 day after trial. Additionally, the Court does not find Petitioner credible on his claim that Gonzalez Souto did not advise him that he could get at most 33-41 months after trial. Conversely, the Court finds Gonzalez Souto credible

on her testimony regarding the fast-track offers she advised Petitioner of and the fact that Petitioner alone rejected the fast-track offer.

## II.  LEGAL STANDARD

A federal prisoner in custody under a sentence of a court may move to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)).

## III.  DISCUSSION

In the instant Motion, Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated because his counsel misadvised him of the sentencing guideline range prior to proceeding to trial. It is undisputed that Gonzalez Souto miscalculated the sentencing guideline range that Petitioner was subject to after trial and did not advise Petitioner of the correct guideline range he faced after trial. After trial, Petitioner would be subject to a guideline range of 51-63 months. Petitioner was not properly advised of a potential guideline range of 51-63 months. Contrary to Petitioner's argument, the miscalculation alone, does not resolve the Motion. The Court must conduct a proper Sixth Amendment analysis under *Strickland v. Washington*.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's representation was deficient such that it

"fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In the context of pleas[,] a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163.

The first prong of the *Strickland* test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *see also Strickland*, 466 U.S. at 689 (noting there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

The second prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. In the context of a plea offer that was rejected, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

The burden is on Petitioner to establish both *Strickland* prongs have been met. Unless the Petitioner can make a showing for both prongs, "it cannot be said that the conviction … resulted from a breakdown in the adversary process[.]" *Strickland*, 466 U.S. at 687.

Assuming without deciding that Petitioner has satisfied the first *Strickland* prong, the Court does not find that Petitioner was prejudiced by Gonzalez Souto's guideline miscalculation and there is not a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Id.* at 694.

In his initial motion to vacate the sentence, Petitioner stated he was denied effective assistance of counsel because "my lawyer said I would get less time than the offer if I went to trial." Motion at 6. Further, Petitioner stated "my lawyer said I get than 30 months after trial. I would have pled guilty had she not assured me of a lesser sentence after trial." *Id.* In his declaration, Petitioner stated "[w]hen Mara Gonzalez Souto advised me about the government's fast track offer, she advised me that my post-trial sentencing range was 27-33 months, or at worst 33-41 months." ECF No. 155, Declaration of Francisco Baez-Diaz, ¶ 1. During his testimony, Petitioner stated that had Gonzalez Souto told him he could get up to 41 months after trial, he would not have to gone to trial. RT at 25:23-26:4. Further, Petitioner testified that he told Gonzalez Souto that he would plead guilty as long as the sentence was less than 30 months. RT at 20:16-18. Gonzalez Souto presented Petitioner with a fast-track offer of 18-24 months and told Petitioner that the Government would likely recommend the low range of 18 months. *Id.* at 44:13-25. Petitioner rejected that offer and said that Gonzalez Souto told him he would get less time after trial, even getting 12 months 1 day. *Id.* at 19:2-7, 32:22-33:4.

Once again, the Court does not find Petitioner credible on his claims that Gonzalez Souto promised he would receive a lesser sentence after trial than the fast-track offer. This claim is incredulous and flies in the face of logic and common sense. Further, Gonzalez Souto refutes this claim and the Court finds her credible. Additionally, the Court finds that Gonzalez Souto did indeed inform Petitioner that he could get up to 41 months after trial and presented an 18 month fast-track offer to Petitioner. RT at 44:13-25. Petitioner was presented with an offer less than 30 months and rejected it on his own accord. He rejected the 18 months offer despite Gonzalez Souto advising him of the risk of a higher sentence

if he rejected the fast-track offer. Petitioner fails to meet his burden to show prejudice. Despite Gonzalez Souto's guidelines miscalculation, Petitioner was not prejudiced because he demonstrated that he would not plead guilty despite receiving an offer below 30 months. It is clear that there was no "reasonable probability that the plea offer would have been presented to the court," as Petitioner rejected an 18 months fast-track offer.

Accordingly, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence due to ineffective assistance of counsel.

## IV. CERTIFICATE OF APPEALABILITY

Lastly, "[u]nder the Antiterrorism and Effective Death Penalty Act of 1996, there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability." *Welch v. United States*, 578 U.S. 120, 127 (2016) (citing 28 U.S.C. § 2253(c)(1)). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "That standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner.'" *Welch*, 578 U.S. at 127 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Having reviewed the record, the Court finds that no reasonable jurist would dispute that Petitioner was not prejudiced by Gonzalez Souto's miscalculation of the guideline range in light of the fact that he rejected an 18 months offer, below 30 months, in which he indicated he would be willing to plead guilty. *See Strickland*, 466 U.S. at 689. The Court therefore **DENIES** a certificate of appealability.

## V. CONCLUSION

After careful consideration, the Court finds that Petitioner's Motion, the briefs filed in opposition thereto and support thereof, and the record as a whole conclusively show that Petitioner is not entitled to relief. Accordingly, the Court **DENIES** Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255., and **DENIES** a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is

instructed to enter judgment in both the underlying criminal case and Petitioner's civil case and close Petitioner's civil case.

**IT IS SO ORDERED**.

Dated: January 5, 2026

Honorable James E. Simmons Jr.
United States District Judge